**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6092**

AHMAD SHAAKIM SMITH,

       Plaintiff - Appellant,

   v.

FRANKLIN CORRECTIONAL CENTER,

       Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:21-ct-03294-BO)

Submitted: April 14, 2022                   Decided: April 19, 2022

Before DIAZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Ahmad Shaakim Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmad Shaakim Smith appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint without prejudice for failure to exhaust administrative remedies.[1] We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order and judgment on December 8, 2021. Smith filed the notice of appeal on January 17, 2022.[2] Because Smith failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] Although the district court dismissed the action without prejudice, mere amendment cannot cure the deficiencies identified by the district court, and the court's order is therefore final and appealable. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 610 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021).

[2] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Smith could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).